UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARISMA MANALASTAS,<br><br>    Plaintiff,<br><br>v.<br><br>JOIE DE VIVRE KABUKI, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-03957-HSG<br><br>**ORDER GRANTING MOTION TO QUASH AND DENYING MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 2, 12, 13 |

Before the Court are Defendant's motion to dismiss, or in the alternative to quash service of process, Dkt. No. 12, and two motions to consider whether another party's material should be sealed, Dkt Nos. 2, 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. The Court GRANTS the motion to quash and DENIES the sealing motions.

**I.    BACKGROUND**

For purposes of this motion, the Court accepts the following alleged facts as true. Plaintiff Charisma Manalastas was hired in 2016 as a front desk agent for Hotel Kabuki[1] ("Defendant," or "Hotel") in San Francisco, California. Compl. ¶17. In 2019, Plaintiff complained to her supervisors that her co-worker, Michael Marquez ("Marquez") was not adequately performing his job responsibilities. *Id*. ¶19. According to Plaintiff, upon finding out about her complaint, Marquez began to treat her poorly and even threatened to physically assault her. *Id*. ¶21. Plaintiff alleges she feared for her safety. *Id*. Plaintiff complained to Hotel management, and says that her supervisors "took [Marquez's] side." *Id*. ¶23. Eventually, management changed Marquez's shift

---

[1] Hyatt is the parent corporation doing business as Hotel Kabuki. *See* Mot. at 2; Compl. ¶¶6-7.

1  so that Plaintiff did not have to work with him. *Id*. ¶26.

2  In 2021, Plaintiff suffered a lumbar sprain during her work shift. *Id*. ¶28. She reported the
3  injury to management, but no one followed up with her, nor did the Hotel provide reasonable work
4  accommodations. *Id*. Plaintiff continued to apprise management of her work limitations due to
5  injury, and because of this, management retaliated against her by taking her off the work schedule.
6  *Id*. ¶33. Plaintiff was eventually put back on the schedule, but management reassigned Marquez
7  to work with Plaintiff. Plaintiff reminded her supervisors of her prior incidents with Marquez, but
8  they continued to schedule Marquez to work alongside her. As a result of this, Plaintiff suffered
9  severe emotional distress. *Id*. ¶40.

10  Plaintiff filed charges with the California Department of Fair Employment and Housing
11  alleging discrimination, harassment, and retaliation by Defendant. *Id*. ¶48. She then filed this suit
12  in San Francisco County Superior Court against Hotel Kabuki, Hyatt Corporation, and Marquez.
13  Plaintiff's eight-count complaint alleges violations of various California discrimination,
14  retaliation, and harassment statutes, as well as California common law intentional infliction of
15  emotional distress. *Id*. ¶¶ 49-136. Defendant moves to dismiss the complaint, or to quash service
16  of process in the alternative.

## II. MOTION TO QUASH SERVICE

### A. Legal Standard

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Accordingly, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a court to dismiss an action for process deficiencies. Fed. R. Civ. P. 12(b)(4)-(5). Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has the discretion either to dismiss the action or to allow it to remain on file but quash the service of process. *Fuentes v. Nat'l Tr. Co. Deutsche Bank*, No. 22-cv-04953-BLF, 2023 WL 2278701 at *2 (N.D. Cal. February 27, 2023). "So long as

1    a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold
2    service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir.2009)
3    (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.1994)).  However, "neither
4    actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction
5    absent 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986).
6    When a case is removed to federal court, the sufficiency of the service of process prior to removal
7    is governed by state law.  *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).

**B.     DISCUSSION**

Defendant argues that Plaintiff's service of the summons and complaint was deficient under California law.  Mot. at 8.  Defendant points out that Plaintiff served a front desk employee at Hotel Kabuki, and contends that this employee was not authorized to accept service on its behalf.  *Id*. at 9.  Plaintiff responds by arguing that a San Francisco Sherriff's Department officer was supposed to serve Defendant's Human Resources Manager on her behalf, and that she "does not have personal knowledge" of who was actually served.  Opp. at 1.

Under California law, service on a corporation is accomplished by delivering a copy of the summons and complaint to "the person designated as agent for service of process" or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."  Cal. Code. Civ. P. § 416.10; *Gibble v. Car–Lene Research, Inc.*, 67 Cal. App. 4th 295, 303 (1998).  A "general manager" under the California statute includes "any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made."  *Id*. at 313.  Strict compliance with statutes governing service of process is not required under California law.  "Rather, in deciding whether service was valid, the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant."  *Id*.  Thus, substantial compliance is sufficient.  However, the fact that an employee of the corporation receives the summons does not establish substantial compliance because California requires

3

1   evidence "establishing actual delivery to the person to be served." Cal. Code. Civ. P. §417.20 (a);
2   *Dill v. Berquist Construction Company, Inc.*, 24 Cal.App.4th 1426, 1438-1439 (1994). Where the
3   validity of service of process on a corporation is challenged by a motion to quash, the burden is on
4   the plaintiff to prove the validity of the service. *General Motors Corp. v. Sup.Ct.*, 15 Cal.App.3d
5   81, 85 (1971).

6   Plaintiff has not shown that she complied with California's statutory requirements for
7   serving Defendant. According to Defendant, Plaintiff served a front desk employee at Hotel
8   Kabuki. Plaintiff does not contend otherwise. Though Plaintiff alleges that she intended for the
9   Sherriff to serve Defendant's Human Resources Manager, she has no proof that the manager was
10  served. Plaintiff has presented no evidence that Defendant designated this front desk employee as
11  an agent to accept service of process on its behalf. Plaintiff also does not allege that the front desk
12  employee was a "president, chief executive officer, or other head of the corporation, a vice
13  president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief
14  financial officer, [or] a general manager." And there is no indication that the front desk employee
15  was an "agent of the corporation of sufficient character and rank to make it reasonably certain that
16  [Defendant] would be apprised of the service made." *Gibble*, 67 Cal. App. 4th at 313 (citation and
17  internal quotation marks omitted). Accordingly, the Court determines that service was
18  insufficient, depriving the Court of jurisdiction. *Ross*, 504 F.3d at1138-39 ("Without a proper
19  basis for jurisdiction, or in the absence of proper service of process, the district court has no power
20  to render any judgment against the defendant's person or property.").

21  Having concluded that service was insufficient, the Court has discretion to dismiss
22  Plaintiff's complaint or quash service and give Plaintiff an opportunity to properly serve
23  Defendant. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice
24  between dismissal and quashing service of process is in the district court's discretion."). Given
25  that Plaintiff is representing herself, and because there is a reasonable prospect that proper service
26  can be made, the Court will quash service and give Plaintiff the opportunity to make proper
27  service. *See Fuentes*, 2023 WL 2278701, at *4 ("Given Plaintiff's pro se status, dismissal is too
28  harsh a remedy at this stage. The Court finds it appropriate to quash service and to grant Plaintiffs

4

1  thirty days to serve the Defendants."). Accordingly, the motion to quash is GRANTED. Because
2  the Court quashes service, it need not address Defendant's further arguments unless and until
3  Plaintiff establishes jurisdiction.

4  **III.   ADMINISTRATIVE MOTIONS TO SEAL**

5  Defendant also filed administrative motions to consider whether another party's materials
6  should be sealed. Dkt. Nos. 2, 13.

7  **A.   Legal Standard**

8  Courts generally apply a "compelling reasons" standard when considering motions to seal
9  documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana
10 v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the
11 common law right 'to inspect and copy public records and documents, including judicial records
12 and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of
13 access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this
14 strong presumption, the party seeking to seal a judicial record attached to a dispositive motion
15 must "articulate compelling reasons supported by specific factual findings that outweigh the
16 general history of access and the public policies favoring disclosure, such as the public interest in
17 understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations
18 omitted).

19 "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure
20 and justify sealing court records exist when such 'court files might have become a vehicle for
21 improper purposes,' such as the use of records to gratify private spite, promote public scandal,
22 circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner
23 Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may
24 lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without
25 more, compel the court to seal its records." *Id.*

26 The Court must "balance[ ] the competing interests of the public and the party who seeks
27 to keep certain judicial records secret. After considering these interests, if the court decides to seal
28 certain judicial records, it must base its decision on a compelling reason and articulate the factual

basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

**B.     Discussion**

Citing Local Rule 79-5(f), Defendant moves the Court to consider whether documents filed by Plaintiff with the complaint and relied upon by Defendant in opposing the motion to dismiss should be sealed.[2] Dkt. Nos. 2, 13. Because these documents are more than tangentially related to the underlying cause of action, the Court applies the "compelling reasons" standard.

The motions concern documents containing Plaintiff's medical records, detailed descriptions of medical conditions, and other personal information. As of the date of this Order, Plaintiff has not filed a statement or declaration establishing why sealing is warranted in response to either of Defendant's motions. *See* Civil Local Rule 79-5(f)(3); *Skillz Platform Inc. v. Avia Games Inc.*, No. 21-cv-02436-BLF, 2023 WL 6429770, at *2 (N.D. Cal. October 2, 2023) (declining to seal documents because designating party failed to file a statement or response as required by Civil Local Rule 79-5(f)(3)). Moreover, Plaintiff publicly filed this material on the state court docket, then filed it again publicly on this Court's docket with her opposition to the motion to dismiss. Accordingly, the Court DENIES Defendant's motions to consider whether another party's material should be sealed, finding no sealing warranted on the record presented. *See Ehret v. Uber Tech., Inc.*, No. 14-cv-00113, 2015 WL 12977024, at *3 (N.D. Cal. December 2, 2015) (denying motion to seal because "there is little privacy interest [where] Plaintiff has already publicly filed exhibits").

---

[2] Local Rule 79-5(f) is not facially applicable to this situation, since it addresses the circumstance in which a document "has been designated confidential by another party or non-party." But the Court credits Defendant with erring on the side of giving Plaintiff the opportunity to make a case for sealing these obviously sensitive materials.

## IV. CONCLUSION

Defendant's motion to quash, Dkt. No. 12 is **GRANTED.**  The Court grants Plaintiff forty-five days to complete proper service on Defendant.  Failure to return the summons showing proof of service within the time prescribed will result in dismissal without further notice to Plaintiff, absent a request for an extension of time submitted before the deadline and based on a showing of good cause for needing more time.  Plaintiff is encouraged to seek assistance from the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants.  More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help.  Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

Defendant's motions to consider whether another party's material should be sealed, Dkt. Nos. 2 and 13, are **DENIED**.  If Plaintiff wishes to seal any records on the docket in this case (notwithstanding her earlier public filing of a substantial volume of documents), she should file a motion complying with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated:  1/31/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge