UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARISMA MANALASTAS,<br><br>    Plaintiff,<br><br>v.<br><br>JOIE DE VIVRE KABUKI, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-03957-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Before the Court is Defendant Hyatt Corporation's motion to dismiss, Dkt. No. 31. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS IN PART AND DENIES IN PART** the motion.

**I.  BACKGROUND**

For purposes of this motion, the Court accepts the following alleged facts as true. Plaintiff Charisma Manalastas was hired in 2016 as a front desk agent for Hotel Kabuki ("Defendant" or "Hotel") in San Francisco, California.[1] Compl. ¶ 17. In 2019, Plaintiff complained to her supervisors that her co-worker, Michael Marquez ("Marquez") was not adequately performing his job responsibilities. *Id.* ¶ 19. According to Plaintiff, upon finding out about her complaint, Marquez began to treat her poorly and threatened to physically assault her. *Id.* ¶ 21. Plaintiff alleges she feared for her safety. *Id.* Plaintiff complained to Hotel management, and says that her supervisors "took [Marquez's] side." *Id.* ¶ 23. Eventually, management changed Marquez's shift so that Plaintiff did not have to work with him. *Id.* ¶ 27.

---

[1] Hyatt is the parent corporation doing business as Hotel Kabuki. *See* Dkt. No. 31 at 8; Compl. ¶¶ 6–7.

In 2021, Plaintiff suffered a lumbar sprain during her work shift. Compl. ¶ 28. She reported the injury to management, but no one followed up with her, nor did the Hotel provide reasonable work accommodations. *Id.* Plaintiff continued to apprise management of her work limitations due to the injury, and because of this, management retaliated against her by taking her off the work schedule. *Id.* ¶ 33. Plaintiff was eventually put back on the schedule, but management reassigned Marquez to work with Plaintiff. Plaintiff reminded her supervisors of her prior incidents with Marquez, but they continued to schedule Marquez to work alongside her. As a result of this, Plaintiff suffered severe emotional distress. *Id.* ¶ 40.

According to Plaintiff, she filed charges with the California Department of Fair Employment and Housing ("DFEH") alleging discrimination, harassment, and retaliation by Defendant, and received a right-to-sue notice from DFEH. *Id.* ¶ 48. She then filed this suit in San Francisco County Superior Court against Hotel Kabuki, Hyatt Corporation, and Marquez, and Defendant removed the case to this Court. Dkt. No. 1.

Plaintiff's complaint alleges violations of California's Fair Employment and Housing Act (FEHA) and brings claims for intentional infliction of emotional distress and whistleblower retaliation under Cal. Lab. Code § 1102.5. *Id.* ¶¶ 49–136. Defendant moved to dismiss the complaint, or to quash service of process in the alternative. Dkt. No. 12. The Court granted the motion to quash and allowed Plaintiff to effect proper service. *See* Dkt. No. 29 at 4. Plaintiff then filed a proof of service stating that she personally served Amit Patel, who Defendant describes as the Hotel's General Manager, at Hotel Kabuki's address. *See* Dkt. No. 30; Dkt. No. 21 at 12. Defendant does not contest that this service was proper. *See* Dkt. No. 31 ("Mot.") at 12. Defendant then filed another motion to dismiss. *See id*.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

2

1  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.  DISCUSSION

### A.  FEHA Claims

Plaintiff brings several FEHA claims against Defendant, including discrimination; retaliation; harassment; failure to prevent discrimination, retaliation, and harassment; failure to provide a reasonable accommodation; and failure to engage in a good faith interactive process. *See* Compl. ¶¶ 49–97; 107–130. The Court finds that these claims fail because Plaintiff does not plausibly allege that she has exhausted administrative remedies under FEHA.

"[A]n employee bringing a FEHA claim must exhaust her administrative remedies by filing an administrative complaint with [DFEH] within one year of the alleged unlawful conduct. . . . [I]f DFEH decides not to pursue the claim raised by the employee, it must issue a right-to-sue letter notifying the employee that she may bring a civil legal action against her employer within one year of the date of the notice. If the employee does not bring an action within the applicable one-year time period, she is barred from doing so later unless tolling applies." *McCullough v. Xerox Corp.*, No. 13-CV-04596-HSG, 2015 WL 5769620, at *7 (N.D. Cal. Oct. 2, 2015) (internal citations omitted). A plaintiff who fails to sufficiently allege exhaustion of administrative remedies fails to state a FEHA claim. *See Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 983 (N.D. Cal. 2016).

The complaint alleges that Plaintiff timely filed "charges of discrimination, harassment, and retaliation against Respondents with the California Department of Fair Employment and Housing ('DFEH') and received a notice of her right to sue in a California Superior Court pursuant to Cal. Gov't Code Section 12965(b)." *See* Compl. ¶ 48.  But Defendant counters that Plaintiff only received a right-to-sue letter from the federal Equal Employment Opportunity Commission ("EEOC"), not DFEH.  According to Defendant, Plaintiff filed a complaint with the EEOC on August 27, 2021, checking a box to also file the complaint with DFEH.  *See* Dkt. No. 31-1 ("RJN"), Ex. 1.[2]  However, Plaintiff only received a right-to-sue notice from the EEOC, and never received a similar notice from DFEH.  *See id.*, Ex. 2.  An EEOC letter alone would be insufficient to exhaust Plaintiff's FEHA remedies.  *See Anicama v. Oracle Am., Inc.*, No. 23-CV-04640-EMC, 2024 WL 3416512, at *4 (N.D. Cal. July 15, 2024) ("A right to sue letter from the EEOC satisfies the exhaustion requirement only for the purposes of an action based on federal law such as Title VII, not for a state law action under the FEHA.") (citing *Foroudi v. Aerospace Corp.*, 57 Cal. App. 5th 992, 1001, 271 Cal.Rptr.3d 803 (2020)).  Plaintiff's complaint does not provide any details about the DFEH right-to-sue-notice she allegedly received, and her opposition to the motion to dismiss does not claim that she received such a notice.  *See* Dkt. No. 32 ("Opp.") at 6, 7 (referencing only complaints to, and response from, the EEOC).  Considering the judicially-noticeable evidence Defendant proffered, and Plaintiff's failure to plausibly allege that she received a DFEH right-to-sue notice, the Court finds that Plaintiff has not sufficiently alleged that she exhausted administrative remedies as required to bring her FEHA claims.

Moreover, even if the EEOC notice could be construed as a right-to-sue notice for FEHA purposes, Plaintiff nonetheless would fail to meet the exhaustion requirement here because that notice asserts different allegations than those at issue in the complaint in this case.  "Allegations in [a] civil complaint that fall outside of the scope of the administrative charge are barred for failure

---

[2] Defendant requests that the Court take judicial notice of several documents.  *See* Dkt. No. 31-1. For purposes of this Order, the Court takes notice of Exhibit 1 (Charge of Discrimination filed with the EEOC on August 27, 2021, by Charisma Manalastas) and Exhibit 2 (Dismissal and Notice of Rights issued by the EEOC to Charisma Manalastas on October 4, 2021) as they are matters of public record not generally subject to dispute.  *See Williams v. Redwood Toxicology Lab'y*, No. 21-CV-04501-HSG, 2022 WL 410937, at *2 (N.D. Cal. Feb. 10, 2022).

to exhaust," unless the allegations are "like or reasonably related" to those included in the administrative complaint. *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) (internal citation and quotation omitted). Plaintiff's administrative complaint alleges that Plaintiff was harassed because of her race, and Plaintiff did not check the box for disability discrimination or otherwise mention her disability or injury in the complaint. *See* RJN, Ex. 1 ("I believe that I have been harassed because of my Race (Asian), in violation of Title VII of the Civil Rights Act of 1964, as amended."). In contrast, Plaintiff's FEHA claims as pled in the current complaint are entirely premised on Defendant's unlawful discrimination, retaliation, and harassment of Plaintiff on the basis of her disability, and the complaint makes no mention of racial discrimination. *See* Compl. ¶¶ 53, 54, 64, 67, 110–112, 122–124. Accordingly, Plaintiff's complaint to the EEOC could not satisfy Plaintiff's exhaustion requirement as to her FEHA claims. *See Rodriguez*, 265 F.3d at 897 (holding that complaint of racial discrimination was not "like or reasonably related to" discrimination claim because the "two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other").[3]

Finally, even if Plaintiff could show that she sufficiently exhausted administrative remedies, she did not file her FEHA claims within the required time limit. An employee must bring a civil legal action against her employer within one year of the date of the DFEH notice-to-sue. *See* Cal. Gov. Code § 12965(d). Here, Plaintiff filed her complaint on July 7, 2023, *see* Dkt. No. 1-3 at 4, almost two years after the EEOC notice dated August 27, 2021.

The Court therefore **GRANTS** Defendant's motion to dismiss Plaintiff's FEHA claims with leave to amend. This means Plaintiff may amend her complaint to revive these claims only if she can cure the defects outlined above. Although the Court may construe a DFEH complaint

---

[3] In her opposition, Plaintiff states that she sent an email to the EEOC after receiving the right-to-sue notice indicating that she was complaining of discrimination due to her injury. *See* Dkt. No. 32 at 6. But this communication cannot cure the exhaustion problem, because it was sent after the EEOC had reviewed Plaintiff's administrative complaint, and thus cannot reasonably be construed as part of the complaint itself. *Cf. B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1101 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (courts may look outside the EEOC complaint itself to the EEOC intake questionnaire only where evidence exists that that the agency was negligent in transferring the plaintiff's theory of discrimination from the questionnaire to the complaint form).

liberally, the Court must still find that a plaintiff "adequately pleaded" the elements of administrative exhaustion for a FEHA claim to survive a motion to dismiss. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 794 (N.D. Cal. 2015). Specifically, in her amended complaint, Plaintiff must plausibly allege that 1) she filed a complaint with DFEH, 2) the complaint alleged that her employer discriminated against her on the basis of her disability, and 3) she received a right-to-sue notice from DFEH based on that complaint within one year of the date she filed this lawsuit (meaning the notice was dated on or after July 7, 2023). If Plaintiff received a sufficient right-to-sue letter outside of the one-year requirement, she must plead facts supporting a cognizable theory as to why the Court should equitably toll the statute of limitations for her FEHA claims. *See Minor*, 182 F. Supp. 3d at 983. If Plaintiff's amended complaint does not sufficiently address these issues, her FEHA claims will be dismissed with prejudice, meaning she cannot file them again.

### B.   IIED Claim

Defendant argues that the Court should dismiss Plaintiff's IIED claim because the wrongful conduct alleged amounts to "personnel management activity," and therefore cannot be found "extreme and outrageous." *See* Mot. at 24. The Court disagrees and finds that Plaintiff has sufficiently pled her IIED claim at this stage. Defendant is correct that "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *See id.* at 23 (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996)). But as the California Court of Appeal confirmed in *Light*, workplace discrimination can nonetheless support an IIED claim. *See Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101, 221 Cal. Rptr. 3d 668, 690 (2017) (holding that plaintiff "may pursue a claim for intentional infliction of emotional distress in the employment context where the conduct at issue violates FEHA and also satisfies the elements of the claim").

In this case, Plaintiff has alleged that Defendant forced her to work alongside Marquez, an individual who previously threatened to physically assault her, after Defendant complained about her physical disability. *See* Compl. ¶¶ 53, 54. She alleges that she had informed Defendant of the threat, and Defendant previously agreed that Plaintiff and Marquez would not be scheduled to

1    work together. *See id.* ¶ 27. But later, after Plaintiff had suffered a workplace injury, sought

2    accommodations for it, and complained about those accommodations being insufficient,

3    Defendant retaliated against her by scheduling her to work alongside Marquez. *See id.* ¶¶ 28–35.

4    Plaintiff allegedly reminded Defendant of the prior agreement, communicated her extreme

5    distress, and requested not to work with Marquez multiple times, but Defendant refused to

6    reschedule her shifts. *See id.* ¶¶ 36–43. Plaintiff states that during this time, she did not feel safe

7    at work, and that having to work in close contact with an employee who physically threatened her

8    caused her to suffer daily anxiety and severe emotional distress. *See id.*; *see also* Opp. at 5

9    (stating that Plaintiff "was panicking remembering the trauma of how Mr. Marquez verbally

10   abuse[d] her by wanting to punch her"). The Court finds that these allegations plausibly allege

11   conduct that, construed in the light most favorable to Plaintiff, a reasonable jury could find

12   extreme and outrageous and beyond the scope of necessary personnel management activities. *See*

13   *Everett v. Holiday Stationstores*, 576 F. Supp. 3d 783, 790 (D. Mont. 2021) (holding that plaintiff

14   pled a viable IIED claim by alleging that she was experiencing fear and anxiety working during a

15   certain shift, and that the defendant employer "continued to schedule her for those shifts despite

16   the certainty that they were causing mental distress"). While Plaintiff ultimately may or may not

17   be able to prove her claim, it is enough to survive a motion to dismiss.

18       Defendant also argues that Plaintiff's IIED claim should be dismissed because it is

19   preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[4] *See* Mot. at 15.

20   Defendant's theory is that Plaintiff's IIED claim, like all of her other claims, is preempted because

21   it involves the timing of her and other employees' work shifts, and therefore "cannot be evaluated

22   without interpreting the scheduling provisions of the CBAs." *See id.* Defendant also asserts that

23   the claim is preempted because Defendant will "rely on the scheduling provisions of the CBAs" in

24   its defense. *See id.* The Court rejects these arguments. Plaintiff plainly does not rely on any

25   provisions of the CBAs to state her IIED claim, and the Ninth Circuit has clarified that the "mere

---

[4] Defendant argues that all of Plaintiff's claims are preempted by the LMRA. *See* Mot. at 14. The Court does not need to address this argument as to Plaintiff's FEHA claims because those claims are dismissed on other grounds, as discussed.

7

need to consult the terms of the CBA in the course of resolving a state law claim does not necessarily result in preemption." *Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002). Similarly, "reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption." *Id.* Instead, the key inquiry is whether the claim involves a dispute over the meaning of the terms of a collective bargaining agreement, and if so, it is preempted. *See Detabali v. St. Luke's Hospital*, 482 F.3d 1199, 1203 (9th Cir. 2007)). But where a claim "turn[s] on resolution of the employer's motives, not on an interpretation of the CBA (even if those terms identify the terms of employment)," the claim is not preempted. *Ku v. Argent Hotel Mgmt.*, LLC, No. 20-CV-05026-LB, 2020 WL 5836506, at *4 (N.D. Cal. Oct. 1, 2020) (citing *Detabali*, 482 F.3d at 1203).

Here, the resolution of Plaintiff's IIED claim depends on whether Defendant intentionally or recklessly caused Plaintiff to suffer severe emotional distress by scheduling her to work with Marquez in retaliation for her disability-related grievances. Its resolution may require reference to the CBA, but not interpretation of its terms. Accordingly, it is not preempted.[5] Defendant's citations to *Audette* and *Bachilla* are inapposite, as both cases involved challenges to CBA terms. *See Audette v. Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (case involving claims for breach of the duty of fair representation in the CBA, breach of contract, and breach of the implied covenant of fair dealing); *Bachilla v. Pac. Bell Tel. Co.*, No. S-07-739 RRB KJM, 2007 WL 2825924, at *4–6 (E.D. Cal. Sept. 25, 2007) (case challenging employer's failure to follow CBA terms). Similarly, in *Jackson*, the Ninth Circuit found the plaintiff's IIED claim to be preempted because it and his other claims explicitly relied on specific provisions of the CBA. *See Jackson v. S. California Gas Co.*, 881 F.2d 638, 645 (9th Cir. 1989). The Court **DENIES** Defendant's motion to dismiss Plaintiff's IIED claim.

---

[5] On reply, Defendant notes that Plaintiff's opposition makes several references to Defendant's alleged violations of the CBA, which confirms that her claims rely on interpretation of the CBA terms and are thus preempted. *See* Dkt. No. 33 at 2–3 (citing Opp. at 5, 7, 8). The Court's analysis for purposes of this motion to dismiss evaluates Plaintiff's claims as pled on the face of her complaint, which do not rely on the terms of the CBA. However, the Court agrees that to the extent Plaintiff contends that Defendant failed to follow terms of the governing CBA, such claims very likely would be preempted by the LMRA.

### C.  Whistleblower Claim

Defendant also argues that Plaintiff's whistleblower claim under California Labor Code Section 1102.5 is preempted by the LMRA. *See* Mot. at 15. This argument also fails. Whistleblower retaliation claims are not subject to LMRA preemption because they are "separate from and not governed by the CBA." *Quigley v. United Airlines, Inc.*, No. 3:21-CV-00538-WHO, 2021 WL 1176687, at *11 (N.D. Cal. Mar. 29, 2021). *See Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 575 (9th Cir. 2014) ("The elements of this claim require an inquiry into the respective actions of the employer and employee in order to determine whether [the employer] retaliated against [the employee] after he engaged in whistleblowing activity. This inquiry will not depend on interpretation of terms in the CBA."). The Court thus **DENIES** Defendant's motion to dismiss Plaintiff's Section 1102.5 claim.

### D.  Attorneys' Fees

Finally, Defendant argues that Plaintiff's request for attorneys' fees should be stricken from her complaint because she is representing herself. *See* Mot. at 25. Plaintiff responds that attorneys' fees should still be available to her given that an attorney previously represented her in this case, assisted in the filing of her complaint, and incurred fees before Plaintiff and the attorney terminated their attorney-client relationship. *See* Opp. at 9. Plaintiff is correct. Under California law, "[i]f an attorney is in fact retained by [a] pro se litigant and renders legal services assisting in [a] lawsuit, the attorney need not be an attorney of record in order for the reasonable fees of the attorney to be awarded to a prevailing party." *Mix v. Tumanjan Dev. Corp.*, 102 Cal. App. 4th 1318, 1324 (2002). If Plaintiff prevails on any of her claims, and attorneys' fees are available for that claim, the Court may award attorney fees for any legitimate legal services provided to Plaintiff in connection with litigating the claim. *See id.* at 1325 (awarding attorneys' fees to pro se plaintiff for legal services provided to him by law firm). Defendant's motion to strike Plaintiff's request for attorneys' fees is therefore **DENIED**.

## IV.  CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss, Dkt. No. 31. The Court **DISMISSES** Plaintiff's FEHA claims (Counts 1 through 4, 6, and 7) with

leave to amend in accordance with the Court's guidance above. Any amended complaint must be filed within 35 days of this order, or by January 8, 2025.

The Court further advises Plaintiff, who is representing herself, that she can seek assistance at the Legal Help Center if he desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated:    12/4/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge